UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:                                                                           CASE NO. 09-31452-SVK

    JOSEPH JOHN BLASCZYK                           CHAPTER 13

                    Debtor.

STIPULATION TO CURE ARREARAGES AND
GRANTING U.S. BANK NATIONAL ASSOCIATION, AS ASSIGNEE OF MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR
HOMETOWN EQUITY MORTGAGE OF ST. LOUIS, INC.
ADEQUATE PROTECTION AND MODIFYING THE AUTOMATIC STAY

      WHEREAS, Joseph John Blasczyk (hereinafter "Debtor") filed for relief under Chapter 13 of the U.S. Bankruptcy Code (11 U.S.C. Section 101 et seq.) on August 7, 2009, and Mary B. Grossman is the Chapter 13 Trustee; and

      WHEREAS, this Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157, and the Order of Reference of The District Court; this is a core proceeding under 28 U.S.C. § 157; and venue in this Court is proper under 28 U.S.C. § 1409; and

      WHEREAS, this Stipulation is brought pursuant to Bankruptcy Code § 362 and Federal Rules of Bankruptcy Procedure 4001, 6007 and 9014; and

Janine L. Collette, Esq.
Attorneys for U.S. Bank, N.A.
Kohner, Mann & Kailas, S.C.
Washington Building
4650 North Port Washington Road
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: jcollette@kmklawfirm.com

WHEREAS, U.S. Bank National Association, as assignee of Mortgage Electronic Registration Systems, Inc., acting solely as Nominee for Hometown Equity Mortgage of St. Louis, Inc. (hereinafter "Creditor") filed its Notice of Motion and Motion for Relief from Automatic Stay (hereinafter the "Motion") with the Bankruptcy Court on December 8, 2009; and

WHEREAS, Debtor filed an objection to the Motion (hereinafter the "Objection") dated December 23, 2009; and

WHEREAS, the Debtor owes, as of February 1, 2010, the following post-petition arrearages, which were to be paid outside the Chapter 13 Plan:

| | |
|---|---:|
| Six (6) payments @ $2,110.55 each (09/01/09 – 02/01/10) | $ 12,633.30 |
| Three (3) late charges @ $84.42 each (09/01/09 – 11/01/09) | $ 253.26 |
| Property inspections | $ 40.00 |
| Attorney Fees | $ 700.00 |
| Attorney Costs | $ 150.00 |
| Total: | $ 13,906.56 |

IT IS HEREBY STIPULATED AND AGREED, by and between the Debtor and Creditor, as follows:

1. The Debtor has until March 1, 2010, to cure the above-itemized post-petition arrearages.

2. If Debtor fails to cure the above-itemized post-petition arrearages by March 1, 2010, then Creditor shall be entitled to file an Affidavit of No Obligation under the five (5) day rule.

3. If Debtor attempts to cure the above-itemized post-petition arrearages but not completely, then Creditor, Debtor, and the Chapter 13 Trustee shall determine whether the remaining post-petition arrearages can be paid through the Chapter 13 Plan.

4. Creditor (or its principals, successors or assigns), shall be entitled to file a Supplemental Claim for the remaining post-petition arrearages to be paid through the Chapter 13 Plan.

5. The Debtor agrees to pay the Supplemental Claim through the Plan.

6. To provide adequate protection of the interests and liens in and against the real estate and improvements, commonly known as 13225 West Marin Way, New Berlin, Wisconsin 53151 (herein referred to collectively as the "Collateral"), described in the loan and security documents (herein the "loan documents") described in Creditor's Motion on file with the Court, the Debtor shall continue to make post-petition mortgage payments outside the Chapter 13 Plan in the amount of $2,110.55 per month (monthly payment amount may change from time to time in accordance with the terms of loan documents), starting with the March 1, 2010 payment. The March 1, 2010 payment and all future payments must be <u>received</u> on or before the 16th day of each month, **at the following address** (unless Creditor in writing directs the Debtor(s) to deliver payment to a different address):

> U.S. Bank, N.A.
> c/o U.S. Bank Home Mortgage
> 4801 Frederica Street
> Owensboro, KY 42301

Please indicate loan number when making a payment.

7. As additional adequate protection, Debtor agrees to a "doomsday provision", providing that, in the event the Creditor does not <u>receive</u> any required payment on or before the 16th day of each month in the amount of $2,110.55 per month (monthly payment amount may

3

change from time to time in accordance with the terms of loan documents), beginning with the March 1, 2010 payment, the automatic stay will be terminated upon the occurrence of all of the following: (1) the Creditor (or its principals, successors or assigns) filing with the Court written confirmation of the missed payment(s); (2) counsel for the Creditor (or its principals, successors or assigns) filing with the Court a proposed Order terminating the stay; (3) counsel for the Creditor (or its principals, successors or assigns) promptly mailing to the Debtor and to counsel for the Debtor at their last known address(es) a copy of the notice of payment default and proposed Order filed with the Court; and (4) the Court signing the proposed Order terminating the automatic stay. This doomsday provision shall be effective for a period of six (6) months from, and including, the March 1, 2010 payment and continuing through, and including the July 1, 2010 payment.

8. As additional Adequate Protection, Creditor (or its principals, successors or assigns) can renew this Motion by letter for the balance of the Chapter 13 Plan term.

9. The individuals signing this Stipulation hereby represent that they have full authority to execute this Stipulation on behalf of their respective clients.

10. The Debtor and Creditor understand that this Stipulation is not effective until approved by Order of the Bankruptcy Court.

11. This Stipulation may be signed in counterparts and copies may be used instead of originals. The executed counterparts shall be construed as and constitute one document.

12. The Debtor and Creditor agree that any Order granting a Motion for Relief from Automatic Stay is not subject to the ten (10) day stay referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

13. Creditor's law firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: February 12, 2010.

Dated: 02/12/10

POULOS, SENGSTOCK, BUDNY & LUDWIG, S.C.
Attorneys for Debtor

By: _____
Carrie L. Dinwiddie, Atty No. 1032332
10150 West National Avenue
Suite 390
West Allis, WI 53227
Telephone: (414) 321-0078

Dated: 3/30/10

Dated: 3.30.10

KOHNER, MANN & KAILAS, S.C.
Attorneys for Creditor

By: _____
Janine L. Collette
Attorney No. 1063934
Washington Building
4650 North Port Washington Road
Milwaukee, WI 53212 - 1059
Telephone: (414) 962-5110

CHAPTER 13 TRUSTEE

By: _____
Mary B. Grossman
740 North Plankinton Avenue
Suite 400
Milwaukee, WI 53202
Telephone: (414) 271-3943

CASE NO. 09-31452-SVK
STIPULATION TO CURE ARREARAGES AND GRANTING
U.S. BANK NATIONAL ASSOCIATION, AS ASSIGNEE OF MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR HOMETOWN
EQUITY MORTGAGE OF ST. LOUIS, INC. ADEQUATE PROTECTION
AND MODIFYING THE AUTOMATIC STAY

W:\FORECLOSURE\BANKRUPTCY\Ch 13\AP Stip.doc

5